# IN THE COURT OF APPEALS OF IOWA

———————————

No. 26-0477
Filed May 13, 2026

———————————

**In the Interest of N.C., Minor Child,**

**A.B., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Wapello County,
The Honorable William Owens, Judge.

———————————

**AFFIRMED**

———————————

Sarah Wenke, Ottumwa, attorney for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney
General, attorneys for appellee State.

Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor child.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

A mother appeals the termination of her parental rights to a child born in 2024. After considering the mother's arguments, we affirm.

The family came to the attention of the Iowa Department of Health and Human Services (HHS) in early 2024 with concerns the mother used cocaine while pregnant with the child. Confirming that, the child's umbilical cord tested positive for cocaine at birth. The parents began voluntary services and agreed to a series of safety plans, resulting in the child residing primarily with the maternal grandmother, with brief periods in the mother's care. The mother lived with the grandmother and the child off and on through 2024; she parented the child when she was in the home.

Following the mother's November 2024 relapse on cocaine, alcohol, and marijuana, the child was removed from the parents' custody and adjudicated a child in need of assistance in early 2025. The mother moved out of the grandmother's home and again relapsed. After that, she only visited the child eleven times over the rest of the year. Although twice-weekly visits were set up, she canceled them for a variety of reasons, including a job interview, illness, relapse, or wanting her mother to supervise instead of the HHS provider.

Although she initially cooperated with services, as time passed, the mother's participation became "very spotty"; she was "very willing" but unable to follow through and progress. She successfully completed inpatient substance-abuse treatment in September 2024, but she "then failed to continue engagement with outpatient" treatment and relapsed. Her participation became "very much on and off again," cycling in and out of assorted treatment programs, but she did not sustain sobriety for a significant period. And the same pattern applies to her participation in mental-health

services and mental-health medication management: she missed multiple months of appointments and did not take her prescribed medications consistently.

A termination trial was held in December 2025. The mother did not appear at trial. The county attorney, HHS, and the guardian ad litem all recommended termination of parental rights. The juvenile court terminated the parents' rights under Iowa Code section 232.116(1)(e) and (h) (2025). The mother appeals; the father does not. We review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

On appeal, the mother does not contest the grounds for termination, but she claims the juvenile court should have applied a statutory exception to decline termination of her parental rights. She makes a passing reference that the district court should have given her more time to work toward reunification as she maintains doing so would not affect the child's placement with the grandmother. Finally, the mother urges the juvenile court should have placed the child into a guardianship with the maternal grandmother.

We are skeptical the mother preserved error on her permissive-bond-exception claim. But, assuming without deciding we can reach it, the burden of proving an exception rests on the parent resisting termination. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). The mother urges she established a bond with the child during visits and loves the child, so termination of her rights would be detrimental to the child. *See* Iowa Code § 232.116(3)(c). But one of the grounds for termination the mother did not contest required the juvenile court find "clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." *Id.*

§ 232.116(1)(e)(3). This finding all but necessarily defeats the mother's invocation of the bond exception. On this record, the mother has not met her burden to establish that, after a year of little contact and considering the child's tender age, severing her bond with the child causes a detriment outweighing termination. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). The juvenile court correctly declined to apply this exception to termination.

As to her request for additional time, to the extent any argument is adequately briefed, we agree with the juvenile court there is no basis for granting additional time. An extension requires identifiable factors, conditions, and behavioral changes that will allow a parent to resume custody within six months. Iowa Code § 232.104(2)(b). After nearly two years of little sustained progress as to her mental health or substance abuse, and considering the sparse contact between mother and child, we find an extension is not warranted.

The mother also asserts the juvenile court should not have terminated her rights because the court could have placed the child in a guardianship with the grandmother. But there was no evidence the grandmother was open to a guardianship, nor a recommendation from any other party familiar with the case. "Importantly, a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (cleaned up). The juvenile court considered the possibility of a guardianship but found that "given the age of the child, the length of time the child has been removed, the lack of progress toward reunification, and the availability of other viable permanency options it is clear guardianship would not be appropriate." We agree, and we affirm termination of the mother's parental rights.

**AFFIRMED.**